ABSALOM MARTIN, ADMR. &c. v. JAMES MARTIN, ADMR. &c.

Certiorari to Orphans' Court of Somerset county.

By the tenth section of the act to ascertain the power and authority of the Ordinary &c. *Elm Dig.* 361, the Orphans' Court, cannot authorize one Executor or Administrator to sue another for refusing or neglecting to account: but only for refusing or neglecting to give security, when ordered so to do pursuant to the provisions of that act.

Argued and decided orally, at February Term, 1842.

*J. Wilson* for plaintiff in *Certiorari*.

*P. D. Vroom*, Contra.

STATE OF THE CASE. In the year 1815, Absalom Martin and James Martin became co-administrators of the estate of Joshua Martin deceased. On the 2d of October, 1837, James Martin made an affidavit stating that, the inventory of the estate amounted to about eight hundred dollars, all of which, except about thirty dollars, retained by himself, passed with his consent into the hands of his co-administrator, Absalom Martin : that Absalom had never accounted for the same and was then in failing circumstances &c. Upon reading this affidavit, and also the affidavits of John Martin and Samuel Martin to the like effect, the Orphans' Court of Somerset County, in October term,

1837, ordered a citation to issue to the said Absalom Martin, requiring him to account. A citation having been accordingly issued and served on Absalom, he appeared before the Surrogate and exhibited under oath, on the 14th June, 1838, an account. In October term, 1838, James Martin filed exceptions to that account; and so matters remained, until a special term in March, 1839, when the court made an order, that James Martin be authorized to sue for the assets in the hands of his said co-administrator, and that the costs be paid by the parties, each one-half.

The opinion of the Court, was delivered by

HORNBLOWER, C. J. The order for leave to prosecute, is founded upon an allegation, that the plaintiff in *Certiorari*, had failed to account, as he had been requested to do, by the citation. Whereas, it appears by the return to the *Certiorari*, the plaintiff had filed what he considered an account. It was to be sure, especially on the debit side of it, a very imperfect one. Such as it was, however, the co-administrator filed exceptions to it; and the court ought to have taken some order upon it. But instead of this, they treated it as a nullity, and thereupon made an order giving the defendant in *Certiorari*, leave to sue the plaintiff. This proceeding was not according to, nor warranted by the statute. The tenth section, *Elm. Dig.* 361, authorizes the Orphans' Court, upon sufficient reasons given, to "order and direct" one administrator to account with his co-administrator for all assets, which have come to his hands; "and whenever the court shall judge it necessary," to compel such defaulting administrator to give security to his co-administrator for the true payment of the *balance* remaining in his hands, towards the satisfaction of creditors, legatees &c. of the intestate; and on his neglect or refusal so to do, the court may authorize the applying administrator to sue the other.

Hence it is clear, the court cannot order a suit for not accounting; but only for neglecting or refusing to give such security as the statute authorizes them to require. If the administrator refuses to account, the court may proceed against him as for a contempt, and perhaps, if contumacious, he may be required by a rule of the court, to give security, as directed by the

statute, and on his neglect or refusal to do so, a suit may be ordered.

The proceedings in this case are erroneous, and must be reversed.

*Proceedings reversed.*